UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KYLE BRANDON CARPER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   Cause No. 1:25-cv-00429-ALT |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, *sued as Frank Bisignano,*[1] *Commissioner,* | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Kyle Brandon Carper appeals to the district court from a final decision of the Commissioner of Social Security ("Commissioner") denying his application under the Social Security Act (the "Act") for a period of disability and Disability Insurance Benefits (DIB). (ECF 1). Carper filed his opening brief on November 6, 2025, and the Commissioner filed a response in opposition on January 29, 2026. (ECF 8, 15). Carper filed a reply brief on February 11, 2026. (ECF 16). Therefore, the case is ripe for ruling.

For the following reasons, the Commissioner's decision will be REVERSED AND REMANDED.

### I. FACTUAL AND PROCEDURAL HISTORY

Carper applied for a period of disability and DIB in March 2023, alleging disability beginning September 15, 2022. (ECF 5 Administrative Record ("AR") at 22).[2] His claim was

---

[1] Frank Bisignano became the Commissioner of Social Security in May 2025, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for his predecessor as the defendant in this suit. *See La'Toya R. v. Bisignano*, No. 1:24-cv-01564-JMS-TAB, 2025 WL 1413807, at *n.2 (S.D. Ind. May 15, 2025).

[2] The AR page numbers cited herein correspond to the ECF-generated page numbers displayed at the top center of the screen when the AR is open in ECF, rather than the page numbers printed in the lower right corner of each page.

initially denied on August 15, 2024, and denied on reconsideration on June 23, 2025. (AR 6, 34). On May 16, 2024, he appeared for a phone hearing before Administrative Law Judge (ALJ) William Pierson. (AR 41-43). Carper was represented by counsel, and vocational expert (VE) Marie Barhydt also appeared. (AR 41). The ALJ issued an unfavorable decision on August 15, 2024, concluding that Carper was not disabled because he was capable of performing a significant number of jobs in the national economy. (AR 33-34). Carper filed a request for review by the Appeals Council, which denied the request on June 23, 2025 (AR 6-8), and the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981.

Carper filed a complaint requesting review of the Commissioner's final decision on August 14, 2025. (ECF 1). In this appeal, Carper argues the ALJ erred when determining Carper's physical residual functional capacity (RFC) by not properly evaluating his self-described limitations and by failing to create a logical bridge for finding that he could remain on task while alternating positions. (ECF 8 at 1).

On the date of the Commissioner's final decision, Carper was forty years old (*see* AR 32, 74) and had a high school education and past work as a stock clerk, automotive materials inspector, order filler, mover, and a composite job with aspects of the job of repossesser. (AR 32). Carper alleges disability due to shoulder surgery/rotary cuff repair, hip surgery/superior labral tear repair, knee dysplasia, severe neck pain, arthritis, depression, nerve issues/damage, physical therapy multiple times a week, metatarsalgia/feet pain, and anxiety. (AR 281).

## II. STANDARD OF REVIEW

Section 405(g) of the Act grants this Court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court's task is limited to determining whether the ALJ's factual findings are supported by

substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (citation omitted). The decision will be reversed "only if [it is] not supported by substantial evidence or if the Commissioner applied an erroneous legal standard." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (citation omitted).

To determine if substantial evidence exists, the Court "review[s] the entire administrative record, but do[es] not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Id.* (collecting cases). "Rather, if the findings of the Commissioner . . . are supported by substantial evidence, they are conclusive." *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003) (citation omitted). "In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether [the claimant] is disabled, we must affirm the ALJ's decision denying benefits." *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

### III. ANALYSIS

*A. The Law*

Under the Act, a claimant seeking DIB must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1 423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

The Commissioner evaluates disability claims pursuant to a five-step evaluation process, requiring the ALJ to consider sequentially whether:

3

> (1) the claimant is presently employed [in substantial gainful activity]; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's [RFC] leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy.

*Pufahl v. Bisignano*, 142 F.4th 446, 452-53 (7th Cir. 2025) (citation omitted); *see also Sevec v. Kijakazi*, 59 F.4th 293, 298 (7th Cir. 2023); 20 C.F.R. § 404.1520. "Between the third and fourth steps, the ALJ determines the claimant's [RFC], which is the claimant's maximum work capability." *Pufahl*, 142 F.4th at 453 (citations omitted); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545(a). "The burden of proof is on the claimant for the first four steps." *Fetting v. Kijakazi*, 62 F.4th 332, 336 (7th Cir. 2023) (citation omitted). "At step five, the burden shifts to the [Commissioner] to show that there are significant numbers of jobs in the national economy for someone with the claimant's abilities and limitations." *Id.* (citation and internal quotation marks omitted). "If at any step a finding of disability or nondisability can be made, the Social Security Administration will not review the claim further." *Sevec*, 59 F.4th at 298 (citation and brackets omitted).

### B. The Commissioner's Final Decision

At step one, the ALJ found Carper had not engaged in substantial gainful activity since September 15, 2022, the alleged onset date. (AR 24). At step two, the ALJ found that Carper had the following severe impairments: multilevel degenerative cervical spondylosis with thecal sac stenosis and severe left C4-5 foraminal narrowing at the C4-5 level; right rotator cuff injuries, tears and repairs; minimal degenerative disc disease; bilateral chondromalacia patella and patellofemoral syndrome and osteoarthritis; left labrum tear and degenerative changes requiring repair; degenerative changes and injuries to the right hip requiring repair; and chronic pain syndrome. (AR 25). At step three, the ALJ found Carper does not have an impairment or

4

combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 27).

The ALJ assigned Carper the following RFC:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can lift, carry, push. and pull ten pounds frequently and occasionally. The claimant can stand and/or walk two hours in an eight-hour workday and sit six hours in an eight hour [sic] work day. The claimant's work cannot involve climbing of ropes, ladders, and scaffolds. The claimant is limited to occasional climbing of ramps and stairs, bending, stooping, kneeling, crouching, and crawling. The claimant can balance as required for such activities. The claimant cannot perform overhead work and overhead reaching with the right dominant arm. The claimant will need to alternate postural positions every thirty minutes while remaining on task.

(AR 28).

At step four, the ALJ found Carper is "unable to perform any past relevant work." (AR 32). However, at step five the ALJ found that a hypothetical individual of Carper's age, education, experience, and RFC could perform a significant number of unskilled, sedentary jobs in the national economy, including document preparer, call out operator, and polisher. (AR 33-34). Thus, Carper's application for a period of disability and DIB was denied. (AR 34).

### C. Carper's ability to remain "on-task" while alternating positions

Carper argues that the ALJ erred by failing to account for the "total limiting effects" of Carper's impairments, but specifically that the ALJ (1) did not properly evaluate his self-described limitations and (2) failed to create a logical bridge for finding that he could remain on-task while alternating positions. (ECF 8 at 1). The Court agrees the ALJ failed to create a logical bridge in finding Carper could remain on-task while alternating positions. Thus, only that argument is addressed.

In assigning the RFC, the ALJ noted that Carper "testified that he has difficulty maintaining any one position." (AR 30). The ALJ cites hearing testimony, although he does not

5

identify particular quotes. Carper testified that he can sit for 30 minutes, but then he has to "move around" or "try to get up and stretch. Sort of figure out how to get comfortable." (AR 53). The ALJ found, "[t]his limitation is reasonably consistent [with] the claimant's impairment and the undersigned finds that the claimant will need to alternate postural positions every thirty minutes while remaining on task." (AR 30). Thus, Carper's testimony supports the ALJ's conclusion that Carper will need to alternate postural positions every thirty minutes.

However, Carper correctly notes that the ALJ did not explain how the record supports his finding that Carper could remain on task while changing positions. For instance, while accepting the previously mentioned testimony, the ALJ does not mention Carper further testified that in trying to relieve the pressure in his legs, he spends seven to eight hours a day laying down, in addition to the eight hours he spends sleeping. (AR 62-63). Carper argues this does not support the on task sit/stand limitation, and without further explanation, the ALJ has failed to build a logical bridge to the conclusion Carper can remain on task while changing position.

The ALJ's failure to build a logical bridge for this issue is problematic. Carper's brief identifies case law which is particularly applicable and persuasive. In *Michael M. v. Kilolo Kijakazi, Acting Comm'r of Soc. Sec.,* the ALJ found the plaintiff "required the ability to shift positions from sitting to standing and vice versa every 30 minutes for one-to-two minutes each time while remaining on task" based on his musculoskeletal impairments. No. 19 C 4899, 2021 WL 3550298, at *7 (N.D. Ill. Aug. 11, 2021). However, like in this case, the ALJ accepted "plaintiff's claims that he could sit and stand for only 30 minutes each as a result of his physical problems," but the ALJ "made no mention of testimony that did not support the sit/stand limitation, namely that he could not sustain shifting positions like that for more than a few hours and would need to lie down to relieve the pain." *Id.*

The court further explained,

> But the lack of explanation as to why the ALJ concluded that Plaintiff could remain on task while switching positions and needed no more than two minutes to do so is problematic because the disability determination in this case hinged on whether Plaintiff was able to stay sufficiently on task given his physical impairments… Here, the issue is … that the basis (if any) for the on-task component was not articulated. Absent any explanation, the Court does not know how the ALJ arrived at this determination.

*Id.*

In Carper's case, the ALJ similarly did not provide an explanation as to why he concluded Carper could remain on task while switching positions. As explained above, Carper testified that he spends seven to eight hours lying down each day, in addition to the eight hours he spends sleeping. However, the ALJ never grappled with this testimony. Perhaps the ALJ disbelieved Carper's testimony on this point, but if so the ALJ should have explained why. The ALJ cannot simply ignore testimony that contradicts his conclusion. *See Sanders v. Saul*, No. 2:19-CV-501-TLS-JPK, 2021 WL 3116283, at *5 (N.D. Ind. June 29, 2021), ("[N]either the ALJ nor the Appeals Council addressed Plaintiff's testimony that he would need to walk during the stand portion of the option, rather than stand in a stationary spot . . . and therefore be work preclusive. . . Absent such explanation, neither decision drew a logical bridge between the evidence and the on-task requirement included in Plaintiff's RFC."), *R. & R. adopted*, No. 2:19-CV-501-TLS-JPK, 2021 WL 3115726 (N.D. Ind. July 22, 2021). Remand is warranted where the ALJ has failed to build a logical bridge, and the Court cannot trace his reasoning. *See Diaz v. Berryhill*, No. 2:17-CV-314, 2018 WL 4627218, at *8 (N.D. Ind. Sept. 27, 2018) ("[W]ithout any explanation the court is unable to trace the ALJ's path of reasoning, thus the ALJ has failed to provide a "logical bridge" between the evidence and the RFC conclusion, requiring remand." (citations omitted)).

Further, Commissioner's arguments are unpersuasive. Commissioner argues that Carper's reliance on his subjective allegations at the hearing is insufficient to demonstrate error because the ALJ reasonably evaluated the medical and other records in evidence. (ECF 15 at 11-13). Thus, the ALJ was not required to address Carper's off-task time where there was no medical opinion supporting that he would be off-task. *Id.* However, even though the ALJ relied on medical records, he also relied on Carper's subjective testimony in crafting the RFC to allow for changes in position. The ALJ did not articulate why other pieces of testimony were rejected in finding Carper could change position while on task, and the Court cannot follow the ALJ's reasoning to the on-task conclusion. *See Ellis v. Astrue*, No. 2:10-CV-452, 2012 WL 359305, at *10 (N.D. Ind. Feb. 2, 2012) ("The court will not speculate on the basis of the ALJ's opinion."). For this reason, Commissioner cannot escape the reasoning in *Michael M.* or *Sanders* cited above, and the case will be remanded.

### IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED and the case REMANDED for further proceedings. The Clerk is DIRECTED to enter a judgment in favor of Carper and against the Commissioner.

SO ORDERED.

Entered this 24th day of February 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge