**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **KYLE BRANDON CARPER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Cause No. 1:25-cv-00429-ALT** |
| ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** ) | |
| *sued as Frank J. Bisignano,* ) | |
| *Commissioner*, ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

On February 24, 2026, this Court entered an Order remanding this appeal of Plaintiff Kyle Brandon Carper's denial of Disability Insurance Benefits to the Social Security Administration for further proceedings. (ECF 17). On May 21, 2026, Defendant, filed a consent motion or stipulation to an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (ECF 19), together with supporting documentation, seeking Plaintiff be awarded $8,000 for attorney fees and expenses and $405 in costs, for 33.6 hours of attorney work and 3.4 hours of paralegal work (ECF 19-1).

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action… , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Here, the parties have agreed to an award of $8,000 for attorney fees and expenses and $405 in costs. (ECF 19).

Therefore, Defendant's consent motion for attorney fees pursuant to the of EAJA (ECF 19) is GRANTED. Plaintiff is awarded $8,000 for attorney fees and expenses and $405 in costs in full satisfaction of any and all claims that may be payable to Plaintiff in this matter under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

Any fees paid belong to Plaintiff Kyle Brandon Carper and not Plaintiff's attorney and can be offset to satisfy any pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Defendant can verify that Plaintiff does not owe a pre-existing debt to the government subject to the offset, Defendant will direct that the award be made payable to **Karl E Osterhout,** pursuant to the EAJA assignment duly signed by Plaintiff. (*See* ECF 19-2). If payment is mailed, as compared to electronically deposited, it shall be mailed to counsel's address of record**: Osterhout Berger Daley LLC, 521 Cedar Way Ste 200, Oakmont, PA 15139.**

SO ORDERED.

Entered this 22nd day of May 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge